UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LINDSAY IRENE BANAS,

    Plaintiff,

v.

    Case No. 26-cv-10245
    Honorable Brandy R. McMillion

CITY OF CLAWSON, *et al.*,

    Defendants.
_____/

## ORDER OF SUMMARY DISMISSAL

Plaintiff Lindsay Irene Banas ("Banas") is currently involved in an Ordinance Misdemeanor case in Michigan State court, 52-4 Judicial District Case No. 23-003758-OM. *See generally* ECF No. 1. She brings this *pro se* civil rights complaint against City of Clawson ("Clawson"), Probation Department Supervisor David Campbell ("Campbell"), Court Administrators Alexandra Black ("Black") and Jennifer Phillips ("Phillips") (together, "Defendants"). ECF No. 1 at PageID.1-2. She also has filed an Emergency Ex Parte Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 7) asking the Court to cancel an upcoming Probation Review Hearing, set in the state court case. For the reasons below, this case is **SUMMAIRLY DISMISSED**, and the pending motion is **DENIED AS MOOT**.

1

I.

From what the Court can best discern, Banas alleges that her civil rights have been violated in an Ordinance Misdemeanor case currently pending in state court. She argues that her probationary sentence imposed in that case has "terminated by its fixed end date" and therefore Defendants are prohibited from scheduling a "review hearing" post the termination date because that would "extended or continue [her] supervision after probation [has] terminated." ECF No. 1, PageID.1. She seeks to have the court "halt ongoing enforcement actions," declare that her probation terminated on January 7, 2026, and enjoin Defendants from taking any future action, including the Review Hearing. *Id.* at PageID.1, 5.

II.

"[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009). "[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988)).

### III.

The Court lacks jurisdiction to afford Banas the relief she seeks. The Anti-Injunction Act, 28 U.S.C. § 2283, prohibits injunctions against state-court proceedings "except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." *Id.* The "core message" of the Anti-Injunction Act is "one of respect for state courts"; and it "broadly commands" that state courts shall be "free from interference by federal courts." *Smith v. Bayer Corp.*, 564 U.S. 299, 306 (2011) (internal quotation marks and citation omitted). For that reason, "[a]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed." *Id.* (internal quotation marks and citation omitted).

Essentially, Banas is asking this Court to intervene in her pending state court matter and declare that her scheduled Review Hearing cannot move forward. The Court is unwilling to take that drastic action. In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that federal courts should not enjoin pending state criminal proceedings except in a "very unusual circumstance" where an injunction is necessary to prevent "both great and immediate" irreparable injury. *Id*. at 45. Although the *Younger* Abstention Doctrine was first articulated with reference to state trial proceedings, it is also fully applicable to other proceedings in which "important state interests" are involved. *See Huffman v. Pursue, Ltd.,* 420 U.S. 592, 593 (1975). The

question is whether federal court interference would "unduly interfere" with the legitimate activities of the state. *Juidice v. Vail*, 430 U.S. 327, 335-36 (1977).

The Court employs three factors to determine whether the *Younger* Abstention Doctrine should apply:

1. there must be pending or ongoing state judicial proceedings;
2. the proceedings must implicate important state interests; and
3. there must be an adequate opportunity in the state proceedings to raise constitutional challenges.

*Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *GTE Mobilnet of Ohio v. Johnson*, 111 F.3d 469, 481 (6th Cir. 1997).

Here, all factors indicate that it would be appropriate to abstain from issuing injunctive relief. From a review of the underlying court docket, it does not appear that her Ordinance Misdemeanor case is closed, therefore factor one weighs in favor of abstention. Two, the state most certainly has an important interest in managing the probation terms of its defendants. And three, if Banas has issues with the rulings in that matter, or the outcome of the decisions of the court, her best option is to pursue the issues there or within the appellate jurisdiction of the state courts. So, under these circumstances, abstention is most appropriate.

Even if the Court were to exercise jurisdiction, which it will not, the case must be dismissed because the defendants are immune from suit. The City of Clawson is a municipal entity that can only be subject to liability for limited actions for which the

4

municipality is "actually responsible." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (Brennan, J. concurring) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479-80 (1986)). To establish municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that [the] particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003); *see also S.H.A.R.K. v. Metro Parks Serving Summit Cnty.*, 499 F.3d 553, 563 (6th Cir. 2007) (stating that the entity "must be the moving force behind the deprivation, such that the entity's policy of custom played a part in the violation of federal law") (cleaned up). Here, Banas's claims fail to meet this standard. She has alleged no facts that support the finding of municipal liability as a matter of law, and therefore her claims against the City of Clawson must also be dismissed.

Similarly, Campbell, Black and Phillips should be dismissed from the case because they also are subject to immunity. "Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994); *see also Huffer v. Bogen*, 503 F. App'x 455, 461 (6th Cir. 2012) (quoting *Johnson v. Turner*, 125 F.3d 324, 333 (6th Cir.1997)) ("One who acts as the judge's designee, and who carries out a function for which the judge is immune, is likewise protected."). Further, enforcing or executing court orders is

5

intrinsically associated with the judicial process for the purpose of immunity from §1983 civil rights actions. *See Bush*, 38 F.3d at 847.

Campbell is the probation officer on Bana's case and is entitled to absolute, quasi-judicial immunity from liability in a civil rights action. *See Loggins v. Franklin Cnty., Ohio*, 218 F. App'x 466, 476-77 (6th Cir. 2007); *Fleming v. Martin*, 24 F. App'x 258, 259 (6th Cir. 2001) (citing cases). Likewise, Black and Phillips, acting as clerks of the court, enjoy absolute immunity from suit on claims arising out the of the performance of their quasi-judicial function, even if acting erroneously, corruptly, or in excess of jurisdiction. *See Boling v. Garrett*, No. 08-12117, 2008 WL 2610234, * 2 (E.D. Mich., Jun. 30, 2008) (citing *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991); *Collyer v. Darling*, 98 F.3d 211, 221 (6th Cir. 1996)). Therefore, Campbell, Black, and Phillips would be dismissed from the case based on quasi-judicial immunity.

## IV.

Accordingly, Plaintiff's Complaint (ECF No. 1) is **SUMMARILY DISMISSED**. Having determined that this case is subject to summary dismissal, Plaintiff's *Ex Parte* Emergency Motion for a Temporary Restraining Order (ECF No. 7) is **DENIED AS MOOT**.

IT IS SO ORDERED.

Dated: January 30, 2026  s/Brandy R. McMillion
                        Hon. Brandy R. McMillion
                        United States District Judge